UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Jerrel T. Glenn,** | ) | **CASE NO. 1:13 CV 2574** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Jason Bunting, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Kathleen Burke (Doc. 10) which recommends dismissal in part and denial in part of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner did not file objections to the recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or

1

recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."  When no objections have been filed this Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.  *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72.

### **Discussion**

Petitioner is incarcerated as a result of his convictions at a bench trial for four counts of felonious assault and two counts of aggravated robbery, all counts with one and three year firearm specifications.  The convictions arise out of a conspiracy to rob and shoot one victim, resulting in his quadriplegia, and the ensuing gunshot injury to a second victim. Petitioner asserts four grounds for relief:

> Ground One: With little to go on in terms of admissible evidence it is not clear how the trial court could have rendered guilty verdicts in this case. In light of the trial court's guilty verdicts being against the manifest weight of the evidence it is submitted that this court must reverse the decision of the trial court in order to avoid a manifest injustice against appellant.
>
> Ground Two: Although the evidence must be viewed in a manner most favorable to the state, the verdict may not rest on guess or conjecture. The evidence analyzed in Appellant's First Assignment of Error is incorporated here by reference and need not be repeated. However, it is clear that under any reasonable view of the evidence it was insufficient to sustain a conviction as to any count. Under such circumstances reversal is required.
>
> Ground Three: The state placed great emphasis on the phone records in attempting to connect Appellant as co-conspirator with alleged principal Adam Cassano in the commission of the crimes. Their improper admission constitute[s] great prejudice to appellant. In light of the above the verdict of the trial court must be reversed.
>
> Ground Four: In the present case, testimony from the victims showed that the gunshots were not separate in time or space but were fired in rapid succession in the direction of the victims. As such, the trial court committed plain error in sentencing Appellant to three consecutive three-year terms for the gun specifications when it should have

merged the firearm specifications for the sentencing with one three-year term. The Magistrate Judge concluded that Grounds One, Three, and Four are not cognizable on habeas review, and Ground Two fails on the merits.

Ground One asserts that the guilty verdicts were against the manifest weight of the evidence. The Magistrate Judge determined that this claim is not cognizable on habeas review as it rests solely on state law.

Ground Two asserts that the evidence was insufficient to sustain petitioner's convictions. The Magistrate Judge found the state appellate court's summary of the evidence to support a rational factfinder's verdict of guilty beyond a reasonable doubt. On this basis, the state opinion was not contrary to or an unreasonable application of clearly established federal law.

Ground Three challenges the admission of phone records that were used against petitioner at trial. The Magistrate Judge found this claim to be non-cognizable given that it involved Ohio evidentiary rules and did not involve fundamental unfairness.

Ground Four challenges petitioner's sentence. Because petitioner relies on a state statute in making his argument, the Magistrate Judge found this claim to be non-cognizable.

Having no objections, the Court has reviewed the Report and Recommendation and found no clear error. Accordingly, it accepts the recommendation.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, which is incorporated herein, the Petition for Writ of Habeas Corpus is dismissed in part and denied in part. Furthermore, the Court certifies, pursuant to 28

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

    IT IS SO ORDERED.



                                /s/ Patricia A. Gaughan
                                PATRICIA A. GAUGHAN
                                United States District Judge

Dated: 4/22/15